IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3032-FL

GARY MICHAEL ALSTON, JR., )
)
Plaintiff, )
)
v. ) ORDER
)
ROBERT C. LEWIS, et al., )
)
Defendants. )

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court upon plaintiff's pleading submitted in response to this court's order of May 6, 2010, directing him to particularize his complaint (DE # 10). The matter also is before the court on plaintiff's motions to appoint counsel (DE # 8) and for preliminary injunction (DE # 11). These matters are ripe for ruling.

The court begins by examining plaintiff's amended pleading. In its original order, this court directed plaintiff to specifically name the injury stemming from each defendant's actions or inactions and the alleged facts to support his claim. Plaintiff responded to this court's request. The court now must conduct a frivolity review of plaintiff's claim. See 28 U.S.C. § 1915(e)(2)(B)(i). Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." Id.

The court finds that plaintiff's complaint is not clearly frivolous and allows him to proceed with his claim. Accordingly, the Clerk of Court is directed to issue a separate order of investigation.

The court next will consider plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases. See Lyles v. Signal, 122 F.3d 1061, 1997 WL 577651, at *1 (4th Cir.

1997) (unpublished); Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982), cert. denied, 459 U.S. 1214 (1983). The Fourth Circuit has held that courts may be required to request counsel for *pro se* litigants in "exceptional circumstances." Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. Of Iowa, 490 U.S. 296, 300 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Id. (citing Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)). This case does not present these exceptional circumstances. Thus, plaintiff's motion to appoint counsel is denied.

Finally, the court will consider plaintiff's motion for a preliminary injunction. A movant must establish the following to obtain a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008). Plaintiff has failed to demonstrate irreparable harm, or any of the other requirements necessary to obtain injunctive relief. Therefore, plaintiff's motion is denied.

In summary, plaintiff is ALLOWED to proceed with this action. Accordingly, the Clerk of Court is DIRECTED to issue a separate order of investigation. Plaintiff's motion to appoint counsel (DE # 8) and motion for a preliminary injunction (DE # 11) are DENIED.

SO ORDERED, this the 10th day of August, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge