IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3032-FL

| | | |
|---|---|---|
| GARY MICHAEL ALSTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT C. LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Gary Michael Alston, Jr. filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court upon plaintiff's motion for a temporary restraining order (DE # 14), motion for a preliminary injunction (DE # 16), and motion to appoint counsel (DE # 19). These matters are ripe for adjudication.

The court first considers plaintiff's motions for a temporary restraining order and preliminary injunction. This is plaintiff's second request for injunctive relief. A movant must establish the following to obtain a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008); The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Plaintiff has failed to demonstrate irreparable harm, or any of the other requirements necessary to obtain injunctive relief. Therefore, plaintiff's motions for injunctive relief are DENIED.

The court next considers plaintiff's motion to appoint counsel. This is plaintiff's second motion to appoint counsel. There is no constitutional right to counsel in civil case, but the Fourth Circuit has held that courts may be required to request counsel for *pro se* litigants in "exceptional circumstances." Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for Southern Dist. Of Iowa, 490 U.S. 296, 300 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Id. (citing Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)). This case does not present these exceptional circumstances. Thus, plaintiff's second motion to appoint counsel is DENIED.

In sum, plaintiff's motion for a temporary restraining order (DE # 14), motion for a preliminary injunction (DE # 16), and motion to appoint counsel (DE # 19) are DENIED.

SO ORDERED, this the 13th day of October, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

2

Case 5:10-ct-03032-FL    Document 21    Filed 10/14/10    Page 2 of 2