IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3032-FL

| GARY MICHAEL ALSTON, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| ROBERT C. LEWIS, et al., | ) | |
| Defendants. | ) | |

The action is before the court on plaintiff's motion to subpoena witnesses (DE # 32), motion to appoint counsel (DE # 34), and motions to amend (DE ## 37 and 38). In this posture, the matters are ripe for adjudication.

Plaintiff seeks leave to amend his complaint to supplement his allegations, as well as to add Sean T. Dillard and Correctional Officer Smith as defendants in this action. The court finds that justice requires that plaintiff be permitted to amend his complaint. Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'") Based upon the forgoing, the court GRANTS plaintiff's motions to amend.

The court next considers plaintiff's motion to subpoena witnesses. Plaintiff has not demonstrated good cause for the court to issue subpoenas on behalf of the witnesses listed in his motion. Thus, his motion is DENIED.

Finally, the court considers plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

In summary, plaintiff's motions to amend (DE # 37 and 38) are GRANTED. The Clerk of Court is DIRECTED to add Sean T. Dillard and Correctional Officer Smith as defendants in this action. Plaintiff's motion to subpoena witnesses (DE # 32) and motion to appoint counsel (DE # 34) are DENIED.

SO ORDERED, this the 12^L day of October, 2011.

LOUISE W. FLANAGAN
United States District Judge