IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3032-FL

GARY MICHAEL ALSTON, JR.,         )
                                  )
          Plaintiff,              )
                                  )
     v.                           )                    ORDER
                                  )
ROBERT C. LEWIS; EDDIE B.         )
THOMPSON; BRENDA PITTMAN;         )
PAUL STEVENS; ROBERT JONES;       )
SEAN T. DILLARD; AND              )
CORRECTIONAL OFFICER SMITH,       )
                                  )
          Defendants.             )

The matter comes before the court on the motion for summary judgment (DE # 41) filed by

defendants Robert Jones ("Jones"), Robert C. Lewis ("Lewis"), Brenda Pittman ("Pittman"), Paul

Stevens ("Stevens") and Eddie B. Thompson ("Thompson"). The matter was fully briefed. Also

before the court are plaintiff's motions to amend (DE # 48, 50, 53, 54), motion to compel (DE # 49),

motions for a preliminary injunction or temporary restraining order (DE # 52, 67), and motion to

appoint counsel (DE # 74). Defendants did not respond to plaintiff's motions. In this posture, the

matters are ripe for adjudication. For the following reasons, the court rules as follows.

## STATEMENT OF THE CASE

On March 24, 2010, plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. § 1983.

After the court permitted him to particularize his complaint, he submitted an amended pleading

alleging Lewis, Thompson, Pittman, Stevens, and Jones assaulted, harassed, and discriminated

against him based upon his sexual orientation. Plaintiff states that defendants placed him on close

custody status and transferred him to another prison in retaliation for filing multiple grievances and complaints. Plaintiff also alleges that he was wrongfully disciplined for kissing a heterosexual inmate, that prison staff refused to process his grievance regarding an assault by an officer, and that defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. The court allowed plaintiff to proceed with these claims.

After allowing the action to proceed, plaintiff filed two motions to amend his complaint to include a claim pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Jones, Lewis, Pittman, Stevens, and Thompson. Plaintiff also alleges that these defendants denied him access to courts in violation of the First Amendment to the United States Constitution, and that they used excessive force against him in violation of the Eighth Amendment. Plaintiff also sought to add Sean T. Dillard and Corrections Officer Smith as defendants to this action. Plaintiff alleges that Dillard and Smith harassed and retaliated against him. The court subsequently allowed plaintiff to proceed with his amended complaints.[1]

On September 8, 2011, Jones, Lewis, Pittman, Stevens, and Thompson filed a motion for summary judgment, arguing that plaintiff's action should be dismissed because he failed to exhaust his administrative remedies prior to filing this action. Defendants also argue that plaintiff failed to state a claim upon which relief may be granted for retaliation and for deliberate indifference to assault, sexual harassment, and sexual discrimination. The matter was fully briefed. Plaintiff subsequently filed four motions to amend his complaint, a motion to compel, two motions for temporary restraining order, a motion to set a trial date, and a motion to appoint counsel.

---

[1] The court notes that defendants' motion for summary judgment does not address the claims plaintiff raised in his amended complaint.

On June 5, 2012, the court issued an order directing plaintiff to file a reply addressing plaintiff's contention in his response to defendants' motion for summary judgment that he filed grievances that were not provided to the court. Defendants then filed a reply, and plaintiff filed a sur-reply.

## STATEMENT OF FACTS

The pertinent facts seen in the light most favorable to plaintiff are as follows. Plaintiff states that senior staff at Johnston Correctional Institution immediately began harassing him because of his sexual orientation when he arrived at the facility. When plaintiff told staff that he was filing a civil complaint complaining about the alleged harassment, prison officials responded that they would transfer him to a facility far away from his family if he filed the action. Plaintiff subsequently was transferred to a facility a lengthy distance away from his family. Plaintiff also alleges that prison officials transferred him from medium to close custody after discovering that he filed a civil complaint.

## DISCUSSION

A.      Motions to Amend

A party is allowed to amend his complaint once as a matter of right before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend the party's pleading only by leave of court and leave shall be given when justice so requires. Id.[2] A responsive pleading was filed in this case. Accordingly, plaintiff must have leave of court to amend his complaint.

"Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). A district court may deny a motion to amend a

---

[2]A party also may amend after obtaining written consent from the opposing party. Fed. R. Civ. P. 15(a). No such consent has been provided here.

pleading where amendment would be futile. <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 242 (4th Cir. 1999). Here, plaintiff seeks to amend his complaint to name Carol Green, Keith Trotman, M. Armstrong, C. Respass, Victor Locklear, Corrections Officer Gilbert, Corrections Officer Fennell, Sergeant McKnight, Felix Taylor, J. Parks, and C. Hurdle as defendants. Plaintiff, however, has not provided any facts to support a claim against these defendants. Rather, plaintiff merely lists their names.

Although *pro se* litigants are held to less stringent pleading standards than attorneys, the court is not required to "accept as true legal conclusions or unwarranted factual inferences." <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987). There is a minimum level of factual support required. <u>White v. White</u>, 886 F.2d 721, 723 (4th Cir. 1989). In this case, plaintiff's amended complaints do not contain allegations sufficient to state a § 1983 action against the proposed new parties. Thus, if the court allowed plaintiff's motions to amend, the allegations in his amended complaints would be dismissed as frivolous. Based upon the foregoing, plaintiff's motions to amend are DENIED as futile. <u>See, e.g.</u>, <u>Watterson v. Davis</u>, No. 3:09CV394-1-MU, 2010 WL 2775411, *2 (W.D.N.C. July13, 2010).

4

B.    Motion to Appoint Counsel

Plaintiff has filed prior requests for appointment of counsel, which this court has denied.  As previously stated, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases."  Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it."  Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also, Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").  Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, the court again finds that this case is not one in which exceptional  circumstances merit appointment of counsel.  Therefore, plaintiff's motion to appoint counsel is DENIED.

C.    Motion to Compel

Plaintiff filed a motion to compel discovery.  As discussed infra, the court grants in part, but denies in part defendants' motion for summary judgment.  As a result, the court has issued a scheduling order, which includes a period of time allowing for discovery.  Because the court has allowed an opportunity to engage in discovery, it DENIES as moot plaintiff's request to compel discovery.

D.   Motion for a Preliminary Injunction or a Temporary Restraining Order

Plaintiff filed a motion for a preliminary injunction or for a temporary restraining order.  The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same.  See e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006).  A temporary restraining order or preliminary injunction is an extraordinary remedy which should not be granted unless there is a clear showing of both likely success and irreparable injury.  The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 130 S.Ct. 2371 (2010).  The United States Supreme Court has stated that the movant must establish the following to obtain a temporary injunction or preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc., 575 F.3d at 346.

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted.  Plaintiff additionally has not demonstrated that his request for a temporary restraining order is in the public interest.  Thus, plaintiff's motion for a preliminary injunction and a temporary restraining order is DENIED.

E.   Motion to Have Action Set for Trial

Plaintiff seeks a court order setting this action for trial.  The court finds that the action is not yet ripe for trial.  Thus, plaintiff's motion is DENIED as premature.

F.   Motion for Summary Judgment

6

1.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. <u>Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. <u>Anderson</u>, 477 U.S. at 250.

2.     Analysis

a.     Exhaustion of Administrative Remedies

Jones, Lewis, Pittman, Stevens, and Thompson raise the affirmative defense that plaintiff failed to exhaust his administrative remedies for several of his claims prior to filing this action. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. <u>Woodford v. Ngo</u>, 548 U.S. 81, 83-85 (2006); <u>see</u> <u>Jones v. Bock</u>, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); <u>see</u> <u>Woodford</u>, 548 U.S. at 84. Exhaustion is mandatory. <u>Woodford</u>, 548 U.S. at 85;

7

Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The Division of Adult Correction ("DAC")[3] has a three-step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DAC's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DAC ARP § .0301(a). If informal resolution is unsuccessful, the DAC ARP provides that any inmate in DAC custody may submit a written grievance on Form DC-410. Id. § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the inmate grievance examiner or a modification by the Secretary of Correction shall constitute the final step of the ARP. Id. § .0310(c)(6). An inmate's administrative remedy request may be rejected at any level of the process if the request fails to meet any requirement set forth in § .0306(a),(b). "The inmate who submits the grievance will be notified of acceptance or rejection in writing upon the appropriate form, within three days after submission of the grievance." § .0307(b).

---

[3] Effective 1 January 2012, the State of North Carolina reorganized and consolidated a number of executive agencies. The North Carolina Department of Correction was subsumed into the Department of Public Safety and is now the Division of Adult Correction. See N.C. Gen. Stat. §§ 143B-600(a)(1); -700 et seq.

The court has reviewed the evidence defendants submitted in support of their affirmative defense that plaintiff failed to exhaust his administrative remedies prior to filing this action. In support of their argument, defendants submitted an affidavit by Finesse Couch[4] stating that the DAC inmate grievance resolution board's records reflect that plaintiff filed five grievance appeals while at Johnston Correctional Institution. The record does not reflect the subject matter of the grievances or the level of appeal. Thus, the court is unsure which issues or grievances plaintiff has exhausted. Moreover, the supplemental materials provided by defendants only address the grievances filed between April 2010 through December 2011, despite the fact that plaintiff has been incarcerated with the DAC since 2008. Because plaintiff's grievance history is unclear from the record, the court finds that defendants have not met their burden of demonstrating that plaintiff failed to exhaust his administrative remedies prior to filing this action. Thus, the court denies defendants' motion on this ground without prejudice.

      b.    Deliberate Indifference

Plaintiff alleges defendants acted with deliberate indifference to the fact that he was being sexually harassed, assaulted, and discriminated against while housed at Johnston Correctional Institution. In response, defendants assert the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir.

---

[4] Finesse Couch ("Couch") submitted an affidavit in support of defendants' motion for summary judgment. Couch is employed by the DAC as the Executive Director of the North Carolina Inmate Grievance Resolution Board. Couch Aff.¶ 1.

2001).  The test is whether the act was clearly forbidden, not whether in hindsight the action was

wrongful.  Id. at 286.  The Fourth Circuit has recognized a two-pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been
> violated on the facts alleged.  Next, assuming that the violation of the
> right is established, courts must consider whether the right was
> clearly established at the time such that it would be clear to an
> objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted).  With respect

to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly

established is whether it would be clear to a reasonable officer that his conduct was lawful in the

situation he confronted."  Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v.

Callahan, 555 U.S. 223 (2009).  A court has discretion to decide which step of the two-prong test

to analyze first.  Pearson, 555 U.S. at 242.

The court first determines whether defendants violated plaintiff's constitutional rights.  In

order to establish an Eighth Amendment violation relating to conditions of confinement, a prisoner

must establish both (1) "a serious deprivation of a basic human need" and (2) "deliberate

indifference to prison conditions on the part of prison officials."  Strickler v. Waters, 989 F.2d 1375,

1379 (4th Cir. 1993); Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation omitted) (finding that

the Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the

hands of other prisoners.").  When an inmate makes a challenge under the Eighth Amendment, "the

requisite state of mind is one of deliberate indifference to inmate health or safety."  Odom v. S.C.

Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003).  To be deliberately indifferent, a prison official

must "know[] of and disregard[] an excessive risk to inmate health or safety."  Id.  A showing of

mere negligence does not qualify as deliberate indifference.  See Davidson v. Cannon, 474 U.S. 344,

347 (1986); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). The plaintiff also must show he suffered a serious or significant physical or mental injury as a result of the defendants' conduct. Strickler, 989 F.2d at 1380-81.

The court focuses its inquiry on the second prong of the Eighth Amendment test-whether defendants acted with deliberate indifference to his sexual harassment/sexual discrimination by both staff and other inmates, and whether defendants acted with deliberate indifference to alleged assaults by both staff and other inmates. The record reflects that plaintiff filed grievances and letters complaining to prison officials that he was being sexually harassed and assaulted by prison staff and other inmates, but the record also reflects that prison officials investigated the alleged threats and found that his allegations lacked support. Thompson Aff. ¶ 7; Ex. A. Although disputed by plaintiff, the record also reflects that plaintiff was offered the option of going into protective custody, but refused. Pittman Aff. ¶¶ 8-13. Additionally, prison staff repeatedly asked plaintiff if he feared for his safety, and plaintiff responded that he did not. Id. Further, plaintiff admits that prison officials responded to his complaints of threats from one particular inmate by transferring that inmate to F-dorm. Pl.'s Resp. to Answ. p. 2.

Aside from the incident regarding the inmate that was transferred to F-dorm, the record contains only general allegations of plaintiff's speculative fears and vague conclusory allegations regarding threats. Plaintiff does not allege that he provided defendants any specific facts to indicate that he was at a significant risk of suffering serious harm at the hands of any other inmate. Moreover, plaintiff has not provided any specific factual allegations to this court to reflect any specific threat to his safety. Plaintiff's conclusory allegations regarding defendants' alleged deliberate indifference to threats, discrimination, and harassment from staff and other inmates are

not sufficient to state an Eighth Amendment claim.  See Farmer, 511 U.S. at 837; Ruefly v. Landon, 825 F.2d 792, 794 (4th Cir. Aug. 13, 1987); Stritehoff v. Green, No. CCB-09-3003, 2010 WL 4941990, *4 (D. Md. Nov. 30, 2010); Jones v. Beck, No. 5:09CV28-1-MU, 2009 WL 929130, *2 (W.D.N.C. Apr. 3, 2009); see also, White, 886 F.2d at 723.

Based upon the foregoing, the court finds that there is no evidence in the record that defendants acted with deliberate indifference to a specific threat or a specific known risk of harm. Because plaintiff alleged no more than a general threat to his safety, which prison officials investigated, the court cannot find that defendants acted with deliberate indifference.  Rather, at most, it could be argued that defendants acted with negligence, which is not sufficient to state a constitutional violation.  See Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991).  As a result, plaintiff has failed to establish a constitutional violation, and defendants are entitled to qualified immunity for this claim.

b.     Retaliation

Plaintiff alleges that defendants violated his constitutional rights when they placed him on close custody status and transferred him to another prison facility in retaliation for filing a civil action.  In order to prevail on a claim of retaliation, plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right."  Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).  Inmates do not have the constitutional right to be incarcerated in any particular prison, jail, or confinement facility of any particular security level.  See, e.g., Meachum v. Fano, 427 U.S. 215, 223-24 (1976); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994); Woods v. County of Wilson, No. 5:10-CT-3118-BO, 2012 WL 777152, at *6 (E.D.N.C. Mar. 8, 2012).  Further, the United States Supreme Court has held that a

change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence does not implicate the Due Process Clause unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).

Here, plaintiff provides no factual allegations that his transfer or change in custody status was motivated by a desire to retaliate against him for filing grievances or a civil lawsuit. Rather, plaintiff provides only conclusory allegations of a retaliatory motive. Such conclusory allegations are insufficient to withstand summary judgment. <u>See</u> <u>Bryant v. Lanham</u>, 30 F.3d 128, at *3 (4th Cir. Aug. 1, 1994) (citing <u>Goldsmith v. Mayor and City Council of Baltimore</u>, 987 F.2d 1064, 1071 (4th Cir. 1993)); <u>Gill v. Mooney</u>, 824 F.2d 192, 194 (2nd Cir. 1987) (" '[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone.' ") (quoting <u>Flaherty v. Coughlin</u>, 713 F.2d 10, 13 (2d Cir.1983)). Moreover, to the extent plaintiff argues that defendants violated DAC policies or procedures in changing his custody classification, such violations do not rise to the level of a constitutional violation. <u>See</u> <u>Riccio v. County of Fairfax, Virginia</u>, 907 F.2d 1459, 1469 (4th Cir. 1990) ("[A] state does not necessarily violate the constitution every time it violates one of its rules."). Further, the evidence in the record reflects that plaintiff's custody status was changed to close custody in January 2010 due to his case factor score of twenty-five (25), which qualified him for close custody status. Pittman Aff. ¶ 17; Ex.B. Plaintiff was notified of this information through the DAC's response to his grievance on the issue, and plaintiff agreed with the DAC's analysis. Jones, Lewis, Pittman, Stevens, Thompson Answ. Ex. D. Thus, plaintiff has failed to establish a constitutional violation, and defendants are entitled to qualified immunity.

**CONCLUSION**

For the foregoing reasons, the court rules as follows:

(1)     Plaintiff's motion to compel (DE # 49) is DENIED as moot;

(2)     Plaintiff's motion to have the action set for trial (DE # 64) is DENIED as premature;

(3)     Plaintiff's motion to appoint counsel (DE # 74) and motion for a preliminary injunction or temporary restraining order (DE # 52, 67) are DENIED.

(4)     Plaintiff's motions to amend (DE # 48, 50, 53, 54) are DENIED as futile.

(5)     Defendants' motion for summary judgment (DE # 41) is GRANTED in part and DENIED in part. Defendants' motion is DENIED without prejudice as to the exhaustion of administrative remedies argument. The motion is GRANTED as to the defense of qualified immunity as to plaintiff's claims for retaliation and for deliberate indifference to his risk of assault, sexual harassment, and sexual discrimination.

(6)     The court enters the following scheduling order: All discovery shall be commenced or served in time to be completed by November 1, 2012; All motions, including dispositive ones, shall be filed by December 8, 2012.

SO ORDERED, this the 27th day of August, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

14