IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3032-FL

| | |
|---|---|
| GARY MICHAEL ALSTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ROBERT C. LEWIS; EDDIE B. ) | |
| THOMPSON; BRENDA PITTMAN; ) | |
| PAUL STEVENS; ROBERT JONES; ) | |
| SEAN T. DILLARD; AND ) | |
| CORRECTIONAL OFFICER SMITH, ) | |
| ) | |
| Defendants. ) | |

The matter comes before the court on the motion for extension of time (DE # 83) and motion for summary judgment (DE # 84) filed by defendants Sean T. Dillard ("Dillard") and Rebecca Smith ("Smith"). Plaintiff did not respond to the pending motions. In this posture, the matters are ripe for adjudication. For the following reasons, the court grants the motions filed by Dillard and Smith, and dismisses plaintiff's remaining claims.

**STATEMENT OF THE CASE**

The court here incorporates the below portion of the statement of facts as set forth in its August 27, 2012, order.

> On March 24, 2010, plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. § 1983. After the court permitted him to particularize his complaint, he submitted an amended pleading alleging [defendants Robert C.] Lewis [("Lewis")], [Eddie B.] Thompson [("Thompson")], [Brenda] Pittman [("Pittman")], [Paul] Stevens [("Stevens")], and [Robert] Jones [("Jones")] assaulted, harassed, and discriminated against him based upon his sexual orientation. Plaintiff

states that defendants placed him on close custody status and transferred him to another prison in retaliation for filing multiple grievances and complaints. Plaintiff also alleges that he was wrongfully disciplined for kissing a heterosexual inmate, that prison staff refused to process his grievance regarding an assault by an officer, and that defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. The court allowed plaintiff to proceed with these claims.

After allowing the action to proceed, plaintiff filed two motions to amend his complaint to include a claim pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Jones, Lewis, Pittman, Stevens, and Thompson. Plaintiff also alleges that these defendants denied him access to courts in violation of the First Amendment to the United States Constitution, and that they used excessive force against him in violation of the Eighth Amendment. Plaintiff also sought to add Sean T. Dillard and Corrections Officer Smith as defendants to this action. Plaintiff alleges that Dillard and Smith harassed and retaliated against him. The court subsequently allowed plaintiff to proceed with his amended complaints.[1]

On September 8, 2011, Jones, Lewis, Pittman, Stevens, and Thompson filed a motion for summary judgment, arguing that plaintiff's action should be dismissed because he failed to exhaust his administrative remedies prior to filing this action. Defendants also argue that plaintiff failed to state a claim upon which relief may be granted for retaliation and for deliberate indifference to assault, sexual harassment, and sexual discrimination. The matter was fully briefed. Plaintiff subsequently filed four motions to amend his complaint, a motion to compel, two motions for temporary restraining order, a motion to set a trial date, and a motion to appoint counsel.

On June 5, 2012, the court issued an order directing defendants to file a reply addressing plaintiff's contention in his response to defendants' motion for summary judgment that he filed grievances that were not provided to the court. Defendants then filed a reply, and plaintiff filed a sur-reply.

---

[1] The court notes that defendants' motion for summary judgment does not address the claims plaintiff raised in his amended complaint.

On August 27, 2012, the court entered an order granting in part and denying in part the motion for summary judgment filed by Jones, Lewis, Pittman, Stevens, and Thompson. The court denied without prejudice the motion as to the exhaustion of administrative remedies. The court granted the motion as to plaintiff's claims for retaliation and for deliberate indifference to his risk of assault, sexual harassment, and sexual discrimination. The court also denied plaintiff's remaining motions. Finally, the court issued a scheduling order, which included a dispositive motion deadline of December 8, 2012.

On January 11, 2013, the court issued an order to show cause as to why there had been no dispositive motions filed as permitted by the court's case management order. Smith and Dillard subsequently simultaneously filed a response to the court's order, a motion for an extension of time to file a dispositive motion, and a motion for summary judgment. Plaintiff did not respond to the court's order to show cause or any of the pending motions.

## STATEMENT OF FACTS

The pertinent facts seen in the light most favorable to plaintiff are as follows. On April 11, 2011, Smith, a corrections officer, wrote a disciplinary report charging plaintiff with a B-06 disciplinary offense for committing, soliciting, or inciting others to commit a sexual act. Dillard Aff. ¶ 4 and Ex. B. Plaintiff subsequently pled not guilty to the disciplinary charge. Id. On April 25, 2011, the Disciplinary Hearing Officer ("DHO") held a hearing. Id. The DHO based his decision upon the written record, and plaintiff did not request staff assistance or the presence of live witnesses. Id. At the conclusion of the hearing, the DHO found plaintiff guilty of the B-06 charge. Id.

On August 7, 2011, plaintiff was charged with committing a B-05 disciplinary offense for inhaling a substance. Id. ¶ 5 and Ex. C. A few days later, plaintiff was charged with a C-03 disciplinary offense for disobeying a direct order. Id. ¶ 6 and Ex. D. Plaintiff ultimately pleaded guilty to the B-05 charge and was found guilty by the DHO of the C-03 offense. Id. Exs. C, D. Plaintiff appealed his conviction for his C-03 offense, and the DHO's decision was upheld on appeal. Id. Ex. D. Due to plaintiff's B-05 and C-03 disciplinary convictions, he was transferred to close observation custody. Id. ¶ 7.

Plaintiff subsequently filed this action, and amended his complaint to allege that Dillard "harassed, retaliated, and destroyed grievances filed by [him] and did numerous acts of retaliation while [he] was housed at Pasquotank Correctional." Am. Compl. (DE # 38), p. 1. Plaintiff also alleged that Smith "filed a false incident report against [him] by stating she observed him in a sexual act." Id. Plaintiff also states that Smith "told numerous inmates[,] even a very close friend[,] that [he was] nasty and she caught him performing oral sex which was a false allegation." Id. Finally, plaintiff states that Smith "displayed numerous acts of harassment, retaliation, and discrimination while housed at Pasquotank Correctional." Id. As relief, plaintiff requests that the court "overturn the infractions and reimburse [him] any adm[inistrative] fees and any compensation the court feel [sic] fit." Id.

**DISCUSSION**

A. Motion for Extension of time

Dillard and Smith request an extension of time to file dispositive motions citing the demands of a heavy work load. For good cause shown, the motion is GRANTED.

4

B.  Motion for Summary Judgment

   1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. <u>Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. <u>Anderson</u>, 477 U.S. at 250.

   2.  Analysis

Dillard and Smith assert the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." <u>Rogers v. Pendleton</u>, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. <u>Id.</u> at 286. The Fourth Circuit has recognized a two-pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

5

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was lawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, 555 U.S. 223 (2009). A court has discretion to decide which step of the two-prong test to analyze first. Pearson, 555 U.S. at 242.

    a.    Retaliation

Plaintiff generally alleges that Dillard and Smith retaliated against him. In order to prevail on a claim of retaliation, plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Here, plaintiff fails to allege the constitutionally protected right for which defendants retaliated against him. Nor has plaintiff set forth any facts whatsoever to support his retaliation claims. Because plaintiff failed to provide sufficient factual support for his retaliation claims, he has not established a constitutional violation.[2] Id. at 74. Thus, Dillard and Smith are entitled to qualified immunity.

    b.    Interference with Grievances

Plaintiff alleges that Dillard prevented him from filing inmate grievances. Inmates do not have a constitutional right of access to a grievance process. Id. at 75. Moreover, plaintiff's claim is contradicted by the record because the record reflects that plaintiff submitted twenty-two (22)

---

[2] To the extent plaintiff alleges that Dillard retaliated against him by preventing him from filing grievances or that Smith retaliated against him by filing false disciplinary reports, as discussed infra, these alleged actions did not violate plaintiff's constitutional rights.

6

grievances while he was incarcerated at Pasquotank Correctional Institution. Dennis[3] Aff. ¶ 4. Plaintiff has not presented any evidence to the contrary. Based upon the foregoing, plaintiff has failed to establish a constitutional violation, and Dillard is entitled to qualified immunity for this claim.

        c.        False Disciplinary Report

Plaintiff alleges Smith submitted an incident report which falsely stated that he engaged in sexual activity with another inmate. Plaintiff also alleges that he was denied the right to call witnesses, the right to cross-examine witnesses, and the right to appeal.

Under the standard established in Wolff v. McDonnell, 418 U.S. 539 (1974), an inmate is entitled to the following due process: (1) written notice of the charges at least twenty-four (24) hours in advance of the hearing; (2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564-566. Additionally, the findings of a prison disciplinary board must be supported by some evidence in the record, Walpole v. Hill, 472 U.S. 445, 454-55 (1985), and be made by an impartial adjudicator. Wolff, 418 U.S. at 570-71.

Here, although plaintiff alleges that he was denied the right to call and cross-examine witnesses, his claim is belied by the disciplinary hearing record which states that he waived the right to call witnesses and to have live witnesses present at his hearing. Dillard Aff. Ex. B, p. 3. Moreover, plaintiff has not stated which witnesses prison officials prevented him from calling or

---

[3] Tina Dennis ("Dennis") is not a party to this action, but submitted an affidavit in support of Dillard and Smith's motion for summary judgment. Dennis is employed by the North Carolina Department of Public Safety as a Processing Assistant III at Pasquotank Correctional Institution. Dennis Aff. ¶2.

cross-examining. Additionally, a review of the record reflects that each of the disciplinary charges were supported by some evidence, and plaintiff has failed to provide any evidence to substantiate his claim that the disciplinary charge was false.[4] Finally, plaintiff did not have a due process right to an appeal. Wolff, 418 U.S. at 563-71; Coor v. Stansberry, No. 3:08CV61, 2008 WL 8289490, at *2 (E.D. Va. Dec. 31, 2008). Based upon the foregoing, plaintiff has not alleged any constitutional violation in connection with his disciplinary hearing, and Smith is entitled to qualified immunity for this claim.

        d.      Harassment

Plaintiff makes conclusory allegations that Smith and Dillard verbally harassed him and discriminated against him. To establish an Eighth Amendment claim under § 1983, an inmate must show: (1) "serious or significant physical or emotional injury," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison officials had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prisoner's subjection to verbal abuse or profanity does not constitute a constitutional deprivation. Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C. 1990) (citation omitted), aff'd, 917 F.2d 1302 (4th Cir. 1990). The law is clear that "[m]ere threatening language and gestures of a custodial officer, even if true, do not amount to a constitutional violation." Morrison, 755 F. Supp. at 687 (quoting Coyle v. Hughes, 436 F. Supp. 591, 593 (W.D. Okla. 1977)).

---

[4] To the extent plaintiff requests that the court dismiss or reverse his disciplinary convictions, his claim is barred pursuant to the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994). Id. at 486-87 (stating that to recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus); see also, Edwards v. Balisok, 520 U.S. 641, 648 (1997) (extending Heck to inmate disciplinary convictions).

Here, plaintiff does not allege that he suffered any injury as a result of the alleged verbal harassment or discrimination. Accordingly, plaintiff has not alleged any constitutional violation, and Dillard and Smith are entitled to qualified immunity for this claim.

   e.  Remaining Claims

Plaintiff alleges that Dillard and Smith discriminated against him. Plaintiff also alleges that Lewis, Thompson, Pittman, Stevens, and Jones[5] acted with deliberate indifference to his medical needs in violation of the Eighth Amendment, violated his rights pursuant to the RLUIPA, violated his rights to the free exercise of his religion in violation of the First Amendment to the United States Constitution, and denied him access to courts in violation of the First Amendment. Plaintiff, however, failed to provide any factual support for these claims. For instance, plaintiff has not alleged what religion he sought to practice or how prison officials interfered with his religious practice. Plaintiff also has not alleged how he was discriminated against or how prison officials interfered with his access to courts. Nor has plaintiff alleged any injury resulting from any of the alleged claims.[6] See, White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required); Cook v. Kraft Foods Global, Inc., 184 F. App'x 348, at *1 (4th Cir. June 8, 2006) ("[W]hile the liberal pleading requirements of [Federal Rule of Civil Procedure] 8(a)

---

[5] Lewis, Thompson, Pittman, Stevens, and Jones have not moved for summary judgment in this action. However, the court has discretion to dismiss an action at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2).

[6] As to plaintiff's claim that defendants acted with deliberate indifference to his medical needs, plaintiff states that he made a sick call appointment on March 29, 2010, but that he was not seen until April 15, 2010. Plaintiff, however, does not allege that the delay was intentional or that he suffered any injury as a result of the alleged delay. Finally, plaintiff has not alleged any facts reflecting that the alleged delay was unreasonable. Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) (stating that the delay in treatment must result "in some substantial harm to the patient" in order to state a constitutional claim); Groah v. Keller, No. 5:11-CT-3103-F, 2013 WL 550813, at *5 (E.D.N.C. Feb. 12, 2013) ("Mere delay without an allegation of serious harm caused by the delay is not enough to allege an Eighth Amendment violation.")

9

demand only a short and plain statement of the claim, a plaintiff must often offer more detail than the bald statement that he has a valid claim of some type against the defendants.") (citation omitted). Accordingly, the court DISMISSES these remaining claims for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, the motion for extension of time (DE # 83) and motion for summary judgment (DE # 84) filed by Dillard and Smith are GRANTED. The court also DISMISSES plaintiff's remaining claims against Lewis, Thompson, Pittman, Stevens, and Jones pursuant to § 1915(e)(2) for failure to state a claim upon which relief may be granted. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 26th day of February, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge